IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY VAUGHN PINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-06-03-F |
| v. ) | |
| ) | |
| MIKE MULLIN, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this civil rights action pursuant to 42 U.S.C. §1983. Named as Defendants in the Complaint are Mike Mullin, in his capacity as the Warden of the Oklahoma State Penitentiary ("OSP"), and Virgil Wilson, in his capacity as a correctional officer at OSP. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that, because venue is defective in this Court under 28 U.S.C. § 1391(b), the cause of action be transferred to the proper district court pursuant to 28 U.S.C. § 1406(a).

I. Initial Review under 28 U.S.C. §1915A

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental

1

entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).

II. Venue

The only Defendants named in the Complaint are state officials employed at OSP, which is located within the jurisdictional confines of the United States District Court for the Eastern District of Oklahoma. Moreover, all of the actions alleged in the Complaint occurred at OSP, and none of the actions alleged in the Complaint took place within the jurisdiction of this Court. Thus, it appears that venue is proper in the Eastern District of Oklahoma, and not in this Court.

Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision in 28 U.S.C. § 1391(b). Coleman v. Crisp, 444 F. Supp. 31, 33 (W.D. Okla. 1977). In relevant part, this statute provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff states that both of the Defendants named in this action are

residents of McAlester, Oklahoma. The undersigned takes judicial notice that the city of McAlester is located within Pittsburg County, Oklahoma, and Pittsburg County is within the jurisdictional confines of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). The nature of the Complaint is that the conditions of Plaintiff's confinement at OSP are unconstitutional. Accordingly, the proper venue for this cause of action is the Eastern District of Oklahoma under 28 U.S.C. § 1391(b).

This Court has the authority to *sua sponte* raise the issue of defective venue. Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996), cert. denied, 519 U.S. 930 (1996). See Kelly v. Martin, No. 95-6271, 1996 WL 88457 (10th Cir. Mar. 1, 1996)(unpublished op.)("The court may raise sua sponte the issue of venue in the setting of a 1915 case."). Although Plaintiff should be given an opportunity to present his views on the issue of the proper venue for his cause of action, Stjernholm, 83 F.3d at 349, this Court's local rules provide Plaintiff the opportunity to be heard on the venue issue should he desire to do so by timely filing an objection to this Report and Recommendation.

Under 28 U.S.C. § 1406(a), a court may dismiss or, in the interest of justice, transfer a case in which venue is defective. This provision allows a district court to transfer a case "to any district or division in which it could have been brought." The decision as to whether to dismiss or transfer a case on the basis of improper venue "lies within the sound discretion of the district court." Pierce v. Shorty Small's of Branson, Inc., 137 F.3d 1190, 1191 (10th Cir. 1998). In the exercise of the Court's discretion, Plaintiff's cause of action should be transferred to the United States District Court for the Eastern District of Oklahoma.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a) due to improper venue. Additionally, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is DENIED in this Court without prejudice to reconsideration in the proper court, and Plaintiff's Motion for Emergency Injunctive Relief (Doc. # 3) is DENIED in this Court without prejudice to reconsideration in the proper court. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 24th, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   4th   day of   January  , 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE